IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

BAILEY-P.V.S. OXIDES, LLC et al.,　　　）
　　　　　　　　　　　　　　　　　）
　　　　Plaintiffs,　　　　　　　　）　8-1596
　　　　　　　　　　　　　　　　　）
　　　vs.　　　　　　　　　　　　）
　　　　　　　　　　　　　　　　　）
S AND K PACKAGING, INC.,

　　　　Defendant.

**OPINION AND ORDER OF COURT**

**SYNOPSIS**

In this civil action, Plaintiff avers that it contracted with Defendant to provide storage bags known as Flexible Intermediate Bulk Containers (FBICs). Plaintiff alleges that Defendant failed to provide bags appropriate for their intended use, of which Defendant knew. Plaintiff seeks to recover damages for injury to the contents of the FBICs and Plaintiff's real estate.

Before the Court are Defendant's Motion to Dismiss and Motion to Strike. For the following reasons, Defendant's Motion will be denied.

**OPINION**

**I. Motion to Dismiss**

**A. Applicable Standards**

In deciding a motion to dismiss, all factual allegations, and all reasonable inferences therefrom, must be accepted as true and viewed in a light most favorable to the plaintiff. Colburn v. Upper Darby Twp., 838 F. 2d 66, 666 (3d Cir.

1988).  In ruling a motion for failure to state a claim, I must look to "whether sufficient facts are pleaded to determine that the complaint is not frivolous, and to provide the defendants with adequate notice to frame an answer."  Id. at 666.  Complaints "need not plead law or match facts to every element of a legal theory."  Weston v. Pennsylvania, 251 F. 3d 420, 429 (3d Cir. 2001).  In addition, however, the court "need not credit a complaint's bald assertions or legal conclusions when deciding a motion to dismiss." Hunt v. United States Tobacco Co., 538 F.3d 217, 227 (3d Cir. 2008).

It is insufficient "to allege mere elements of a cause of action; instead 'a complaint must allege facts suggestive of [the proscribed] conduct.'" Phillips v. County of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008) (citing Bell Atlantic Corp. v. Twombly,    U.S.   , 127 S. Ct. 1955, 1969 n.8, 167 L. Ed. 2d 929 (2007). "Put another way,...Rule 8(a)(2) requires a 'showing' rather than a blanket assertion of an entitlement to relief. We caution that without some factual allegation in the complaint, a claimant cannot satisfy the requirement that he or she provide not only 'fair notice,' but also the 'grounds' on which the claim rests." Id.

**B. Defendant's Motion**

I first address Defendant's argument that Plaintiff's strict liability claim should be dismissed for failure to allege a defect in the product.  Under Pennsylvania law, a "jury may find a defect where the product left the supplier's control lacking any element necessary to make it safe for its intended use or possessing any feature that renders it unsafe for the intended use."  Padillas v. Stork-Gamco, Inc., 186 F.3d 412, 414 (3d Cir. Pa. 1999).   In this case, Plaintiff avers

that the FIBCs lacked the required strength and durability for their intended use. Defendant points to no authority to support its proposition that the lack of a particular feature – or application of another product-- cannot constitute an actionable defect. Under standards applied at this juncture in the litigation, Plaintiff's allegations are sufficient to allege a cause of action for strict products liability.

I next address Defendant's contention that Plaintiff's tort claims are barred by the "gist of the action" doctrine under Pennsylvania law. That doctrine precludes a plaintiff from pursuing a tort action for the breach of contractual duties. Bishop v. GNC Franchising LLC, 248 Fed. Appx. 298, 299 (3d Cir. 2007). Plaintiff, however, is entitled to plead in the alternative. At this point, therefore, when Defendant may still contest or otherwise raise a defense to the existence of a contract, it would be premature to dismiss Plaintiff's tort claim. See M.H. Rydek Elec., LLC v. Zober Indus., No. 07-3885, 2007 U.S. Dist. LEXIS 84411, at *6 (E.D. Pa. Nov. 15, 2007).

## II. Motion to Strike

Defendant moves to strike various portions of Plaintiff's Complaint pursuant to Fed. R. Civ. P. 12(f) as impertinent, immaterial, and scandalous. Such motions, generally speaking, are disfavored. Stockham Interests, LLC v. Borough of Morrisville, No. 08-3431, 2008 U.S. Dist. LEXIS 93152, at * (E.D. Pa. Nov. 12, 2008). Accordingly, they usually will be denied "unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties." Hilburn v. Bayonne Parking Auth., No. 07-CV-5211, 2009 U.S. Dist. LEXIS 6762, at *9

(D.N.J. Jan. 29, 2009).   Striking a pleading is a drastic remedy and should be sparingly used by the courts.  Donnelly v. Commonwealth Fin. Sys., No. 3:07-CV-1881, 2008 U.S. Dist. LEXIS 28604, at *10 (M.D. Pa. Mar. 20, 2008).

Defendant's Motion asserts that the challenged portions cite information, relating to Defendant's insured status or pre-litigation offers of settlement, that would be inadmissible at trial.  The Federal Rules of Evidence will, of course, govern the trial of this matter.   At the appropriate time, the parties will have the opportunity to lay a foundation for the admission or exclusion of evidence from that trial.  Moreover, none of the allegations at issue are without possible relation to the controversy, and do not otherwise fall within the parameters of Rule 12(f). Instead, it would be premature to strike the allegations in the Complaint at this juncture.

## CONCLUSION

In sum, Defendant's Motion to Dismiss and Motion to Strike will be denied. An appropriate Order follows.

## ORDER OF COURT

AND NOW, this 19th day of February, it is hereby ORDERED, ADJUDGED, and DECREED that Defendant's Motions to Dismiss and to Strike (Docket No. [6]) are DENIED.

BY THE COURT:

/s/Donetta W. Ambrose

Donetta W. Ambrose

Chief Judge, U.S. District Court