IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| Bailey - P.V.S. Oxides, L.L.C., AND | ) | |
| Bailey - P.V.S. Oxides (Delta), L.L.C., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | Civil Action No. 8-1596 |
| | ) | |
| S and K Packaging, Inc. | ) | |
| | ) | |
| Defendant. | ) | |

AMBROSE, Chief District Judge

## OPINION
### and
### ORDER OF COURT

Bailey[1] generates and sells iron oxide. The iron oxide is shipped in industrial bags known as Flexible Intermediate Bulk Containers ("FIBCs"). In December 2007, Bailey ordered about 6,000 FIBCs from Defendant S & K Packaging Inc. ("S & K"). S & K, in turn, placed an order from its vendor in China. The bags were shipped to Bailey, but rapidly deteriorated. According to Bailey, they were not properly UV protected nor were they sufficiently durable. The iron oxide was damaged and the ground upon which the FIBCs sat was contaminated. Bailey claims it incurred substantial cost (approximately $200,000) in clean up and losses associated with the defective FIBCs.

---

[1] The Plaintiffs consist of two different Bailey entities: Bailey-P.V.S. Oxides, L.L.C. and Bailey - P.V.S. Oxides (Delta), L.L.C.. For ease, I will refer to them collectively as "Bailey."

1

S & K contacted its insurance company, EMC Insurance, regarding Bailey's loss. EMC sent its adjuster, Brent O'Malley, to Bailey's site to conduct an investigation. O'Malley apparently arrived on site before the iron oxide was cleaned up and hauled away. O'Malley and EMC eventually retained an independent adjuster, Michael Hill, from Crawford & Company, to investigate the claim and property damage.

Bailey also forwarded two of the FIBCs to S & K. S & K sent one to the vendor in China and sent one to Ten-E Packaging Services for testing. S & K instructed Paul Mathison of Ten-E to determine "who was at fault" for the defective bags. Ten-E routinely did testing of S & K's FIBCs. Mathison ultimately authored a report on the bags.

Bailey wants to depose both O'Malley and Mathison. S & K seeks a Protective Order with respect to both individuals. See Docket No. [46]. As to O'Malley, S & K reasons that all discoverable information has been turned over and that a deposition would serve only to be cumulative and therefore done with the intent to harass. Further, S & K urges, any information not already turned over by O'Malley, would consist of O'Malley's mental impressions, conclusions, opinions or legal theories of S & K's case and would therefore be protected as privileged information under Federal Rule of Civil Procedure 26(B)(3)(B). As to Mathison, S & K urges that he is a non-testifying expert and that Bailey has not demonstrated the "exceptional circumstances" required under Federal Rule of Civil Procedure 26(b)(4)(B) for a deposition.

After careful consideration, and for the reasons set forth below, I reject both of S & K's arguments.

Analysis

(A) O'Malley

As stated above, the record before me indicates that O'Malley works for S & K's insurer. He is an adjuster, not an attorney. He was on site at the Bailey facility and completed his own investigation. I recognize that he may have tendered all reports and underlying documents to Bailey. Nevertheless, Bailey is entitled to depose him about facts relevant to the report, about his interaction with witnesses and with Plaintiff, about conversations he had while he was on site, and about the source of information in his file. Simply stated, S & K is entitled to discover the facts known by O'Malley. With respect to S & K's contention that Bailey will attempt to discover "privileged" information, it has an adequate remedy, it can object.

(B) Mathison

S & K urges that Mathison qualifies as a non-testifying expert who was employed only for trial preparation and, as such, should be protected by the dictates of Federal Rule of Civil Procedure 26(b)(4)(B). The text of the Rule reads:

> Ordinarily, a party may not, by interrogatories or deposition,
> discover facts known or opinions held by an expert who has been retained or specially employed by another party *in anticipation of litigation or to prepare for trial* and who is not expected to be called as a witness at trial. But a party may do so only:

3

>   (i) as provided in Rule 35(b); or
>
>   (ii) on showing exceptional circumstances under which it is impracticable for the party to obtain facts or opinions on the same subject by other means.

F. R. Civ. P. 26(b)(4)(B) (emphasis added).

After careful consideration, I reject S & K's contention that Mathison was retained "in anticipation of litigation or to prepare for trial." As S & K suggests, the relevant test in making this assessment is "whether in light of the nature of the document and the factual situation in the particular case, the document can fairly be said to have been prepared or obtained because of the prospect of litigation." <u>In re Grand Jury Proceeding (EMC)</u>, 604 F.2d 798, 803 (3d Cir. 1979). Here, the factual situation is such that the document can <u>not</u> "fairly be said to have been obtained because of the prospect of litigation."

Mathison works for Ten E. Stackis, of S & K, testified that Ten E is a regular testing laboratory for S & K whenever an issue arises as to FIBCs and it has bags tested "once or twice a year." <u>See</u> Stackis Dep., p. 47, Ex. 48-10. Stackis was very clear in stating that he did not have the bags tested in anticipation of litigation. <u>Id</u>., p. 48. Nor did he have the bags tested because he was trying to avoid litigation. <u>Id</u>. Indeed, he stated in his deposition that as late as the day before the Complaint arrived, he had no idea that he was being sued. <u>Id</u>., p. 48. Given Stackis's clear statement under oath that he did not anticipate litigation at the time he requested the testing of the bag and the preparation of the report, I cannot conclude that Mathison is entitled to the protection offered by Federal

4

Rule 26(b)(4)(B). Because his report was not obtained in anticipation of litigation, I need not consider the issues of "waiver" or "special circumstances."

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| Bailey - P.V.S. Oxides, L.L.C., AND<br>Bailey - P.V.S. Oxides (Delta), L.L.C.,<br><br>Plaintiffs,<br><br>vs.<br><br>S and K Packaging, Inc.<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil Action No. 8-1596 |

AMBROSE, Chief District Judge

## ORDER OF COURT

AND NOW, this 15th day of June, 2009, after careful consideration, and for the reasons set forth in the accompanying Opinion, the Motion for Protective Order and Motion to Quash (Docket No. [46]) is DENIED.

                                                        BY THE COURT:

                                        /s/<u>Donetta W. Ambrose</u>
                                          Donetta W. Ambrose,
                                          Chief U.S. District Judge