IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

BAILEY-P.V.S. OXIDES, LLC et al., )
)
    Plaintiffs, ) 8-1596
)
vs. )
)
S AND K PACKAGING, INC.,

    Defendant.

## OPINION AND ORDER OF COURT

### SYNOPSIS

In this civil action, Plaintiffs have filed three Motions for Partial Summary Judgment, seeking judgment in their favor on the affirmative defense of assumption of the risk; the affirmative defenses stated as Defendant's seventh and eighth affirmative defenses, which aver that others caused or contributed to Plaintiffs' alleged damages; and failure to join indispensable parties.  Defendant counters that the Motions are premature, because discovery is not complete, and also that there are genuine issues that preclude the entry of judgment.

### OPINION

**I. Applicable Standards**

Summary judgment shall be granted if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c).  In considering a motion for summary judgment, the Court must examine the facts in a light most

favorable to the party opposing the motion.  <u>International Raw Materials, Ltd. V. Stauffer Chem . Co.</u>, 898 F. 2d 946, 949 (3d Cir. 1990).  The moving party bears the burden of demonstrating the absence of any genuine issues of material fact.  <u>United States v. Onmicare, Inc.</u>, 382 F. 3d 432 (3d Cir. 2004).  Rule 56, however, mandates the entry of judgment against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof.  <u>Celotex Corp. v. Cattrett</u>, 477 U.S. 317, 322, 106 S. Ct. 2548, 91 L. Ed. 265 (1986).

A motion for partial summary judgment on an affirmative defense "presents a relatively unusual twist on the summary judgment procedures that are the daily fare of the federal district courts."  <u>Hubbard v. Bader</u>, No. 4:07-cv-9-SEB-WGH, 2008 U.S. Dist. LEXIS 52444, at **6-7 (S.D. Ind. July 9, 2008).  Nonetheless, Rule 56 may apply to affirmative defenses.  <u>Micks at Pa. Ave., Inc. v. BOD, Inc.</u>, 389 F.3d 1284, 1289 (D. C. App. 2004); <u>cf.</u> <u>United States v. Monsanto Co.</u>, 182 F. Supp. 2d 385, 395 n.6 (D.N.J. 2000). [1]

## II. Plaintiffs' Motions

### A. Seventh and Eighth Affirmative Defenses

First, Plaintiffs argue that they are entitled to summary judgment on Defendant's seventh and eighth affirmative defenses.  These affirmative

---

[1] It is true that courts differ as to whether a motion for summary judgment is the appropriate method of challenging an affirmative defense. See <u>Prof'l Buyer's Guild, LLC v. Ace Fire Underwriters Ins. Co.</u>, No. 06-2127, 2007 U.S. Dist. LEXIS 80143, at *4 n. 1  (D.N.J. Oct. 29, 2007) (collecting cases).  I am sympathetic to the argument that a plaintiff who challenges a defense due to insufficiency, and therefore could have challenged the defense earlier, should not be permitted to circumvent the time limitations imposed by Rule 12(f).  Here, however, Plaintiffs do not move to strike the defenses based on facial insufficiency, but instead on factual insufficiency, or Defendant's inability to produce required evidence to support its defenses.

defenses aver that Plaintiffs' damages, if any, were caused or contributed to by others. Merely that Defendant's corporate designee thought that "others" referred to Plaintiffs and their employees does not negate issues surrounding the manufacturer's role in this case, which arose early on in this dispute. Indeed, Plaintiffs' Amended Complaint refers to Yixing Huafu Plastic Products, Ltd. as a "vendor" of the FIBCs, and append to their Amended Complaint a letter assigning fault to this entity as the manufacturer. Plaintiffs' submissions do not address the manufacturer's role, if any, in the case. Plaintiffs' Motion in this regard will be denied.

### B. Failure to Join Indispensable Party

Next, I address Plaintiffs' Motion for Summary Judgment on Defendant's affirmative defense of failure to join an indispensable party. Contrary to Plaintiffs' suggestion, that Defendant's 30(b)(6) designee could not describe why the manufacturer might be "indispensable" – a legal term of art – does not itself render judgment appropriate. Contrary to Defendant's suggestion, Plaintiffs do not bear the burden to disprove a defense.

Defendant concedes that the manufacturer of the FIBCs is the sole subject of these affirmative defenses, and does not identify any other person or entity that might fulfill the designated role of "other" liable party. Plaintiffs' claims lie in strict liability, warranty, negligence, and breach of contract. It is hornbook law that a person suffering damages due to a defective product may sue and recover from anyone in the chain of distribution; those in the chain are joint tortfeasors. 42 Pa. Cons. Stat. Ann. § 8322; Restatement Second (Torts) § 402A. As a matter of

law, joint tortfeasors are not indispensable parties.  See, e.g., K.J. v. Div. of Youth & Family Servs., 363 F. Supp. 2d 728, 750 (D.N.J. 2005).[2]  As regards the claims that do not implicate these principles, Defendant, who bears the burden here, has not proffered any facts or law that would support their entitlement to proceed on this defense.  Therefore, I find that there is no genuine issue of material fact regarding the joinder of an indispensable party, and Plaintiffs' Motion on this issue will be granted.

**C. Assumption of the Risk**

Finally, I address Plaintiffs' Motion for judgment on the defense of assumption of the risk.  This defense applies if the plaintiff "voluntarily and unreasonably proceed[s] to encounter a known danger." Restatement (Second) of Torts § 402A comment n.  For assumption of the risk to apply, the plaintiff's conduct must have been knowing, voluntary, and unreasonable. Whitehead v. St. Joe Lead Co., 729 F.2d 238 (3d Cir. 1984).  As discovery has not closed in this matter, and it is possible that further discovery could address the nature of Plaintiffs' conduct, I agree that this Motion is, at a minimum, premature.  I will deny the Motion without prejudice.

---

[2] Furthermore, it is clear that the manufacturer is not an indispensable party under Fed. R. Civ. P. 19.   Under that Rule, a party is "necessary" if:
(1) in the person's absence complete relief cannot be accorded  among those already parties, or
(2) the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may
    (I)    as a practical matter impair or impede the person's ability to protect that interest or
    (ii)   leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest.

Defendant has proffered no reason that the manufacturer is a necessary party under this Rule, and I see none.  If not necessary, the manufacturer is by definition not indispensable.  Korsun v. Progressive Northern Ins. Co., No. 3:06-CV-01148, 2006 U.S. Dist. LEXIS 79411 (M.D.Pa. Oct. 31, 2006).

**CONCLUSION**

In sum, I will deny Plaintiffs' Motion regarding the seventh and eighth affirmative defenses with prejudice; deny without prejudice the Motion regarding assumption of the risk; and grant the Motion regarding failure to join an indispensable party.   An appropriate Order follows.

**ORDER OF COURT**

AND NOW, this 13th day of October, 2009, it is hereby ORDERED, ADJUDGED, and DECREED that Plaintiffs' Motion for Partial Summary Judgment on the Affirmative Defense of Assumption of the Risk (Docket No. 61) is DENIED, without prejudice; Plaintiffs' Motion for Partial Summary Judgment on the Seventh and Eighth Affirmative Defenses (Docket No. 65) is DENIED;  Plaintiffs' Motion for Partial Summary Judgment on the Ninth Affirmative Defense of Failure to Join an Indispensable Party (Docket No. 68) is GRANTED.

Plaintiffs may reassert their Motion regarding Assumption of the Risk within five (5) days after the close of discovery.  Defendant may respond within five (5) days after that.

BY THE COURT:

/s/Donetta W. Ambrose

Donetta W. Ambrose
Judge, United States District Court